UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ATON CENTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST ADMINISTRATORS, INC. et al.,<br><br>Defendants. | Case No.: 21cv1843-L-MSB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF NO. 11]** |
|---|---|

In this breach of contract and fraud action, Defendant Northwest Administrators, Inc. filed a motion to dismiss arguing federal preemption and failure to state a claim. Plaintiff filed an opposition and Defendant replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, Defendant's motion is denied.

**I.   Background**

Plaintiff Aton Center, Inc. is a provider of inpatient residential substance abuse treatment. According to the operative complaint (First Am. Compl. ("FAC")), Defendants Northwest Administrators, Inc. ("Northwest" or "Defendant") and Innovative Care Management (collectively "Defendants") provided, sponsored, supplied, underwrote, administered and/or implemented health insurance policies. Plaintiff alleges

1

that CP, one of its patients, was insured under a health insurance policy issued by Defendants.  Plaintiff was an out-of-network provider under Defendants' policy.  Plaintiff's representative contacted Defendants to verify CP's available benefits under the policy, and agreed with Defendants on the terms, including payment of usual, customary, and reasonable ("UCR") rate for CP's inpatient residential treatment services.  Plaintiff alleges it provided services to CP in reliance on Defendants' representations, authorization, and agreement, and that Defendants failed to pay as agreed.  Plaintiff claims it is owed $158,400.

Plaintiff filed this action in state court alleging state law claims for breach of contract, intentional misrepresentation, promissory estoppel, violation of California Unfair Competition Law ("UCL"), and breach of implied contract.  The action was removed to this Court claiming federal subject matter jurisdiction based on preemption under Employee Retirement Income Security Act ("ERISA"), or alternatively on diversity of citizenship under 28 U.S.C. § 1332.

Pending before the Court is Northwest's motion to dismiss Plaintiff's operative complaint.  Northwest contends the action should be dismissed under Federal Rule of Civil Procedure 12(b)(6)[1] because all of Plaintiff's causes of action are preempted by ERISA, or alternatively, because Plaintiff fails to state a claim under state law.  For the reasons which follow, Defendant's motion is denied.

**II.  Discussion**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[2]  Dismissal is warranted where the complaint lacks a cognizable legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  Alternatively, a complaint may be dismissed if it

---

[1]     All further references to "Rules" are to Federal Rules of Civil Procedure.
[2]     Unless otherwise noted, internal quotation marks, citations, ellipses, brackets, and footnotes are omitted.

presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, a plaintiff must allege only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's allegations must provide "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atl. Corp.,* 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp.,* 550 U.S. at 555. Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp*., 139 F.3d 696, 699 (9th Cir. 1998).

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Then, both parties must have the opportunity "to present all the material that is pertinent to the motion." *Id*.

In their respective briefs both parties rely on facts outside the complaint, yet they do not request judicial notice, Fed. R. Evid. 201, or seek summary judgment as alternative relief, nor are extraneous facts supported by affidavits or other evidence. Accordingly, in deciding the pending motion, the Court declines to consider facts which are not alleged in the complaint.

1. ERISA Preemption

Northwest claims that Plaintiff's claims, all of which are alleged under California law, are preempted by section 514(a) of ERISA. *See* 29 U.S.C. § 1144(a). Defendant's theory of preemption is that CP was a participant in an employee benefit plan governed by ERISA. Defendant argues that Plaintiff's state law claims depend on the existence and terms of the plan because they are premised on allegations that Defendants represented to Plaintiff that CP was covered under their policy for Plaintiff's services.

ERISA section 514(a) expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a). "While this section suggests that the phrase 'relate to' should be read broadly, the term is given a practical interpretation, with an eye toward the action's actual relationship to the subject plan." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (citing *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-56 (1995)). Generally, "a common law claim 'relates to' an employee benefit plan governed by ERISA if it has a connection with or reference to such a plan." *Providence Health Plan*, 385 F.3d at 1172 (citation omitted).

> In evaluating whether a common law claim has "reference to" a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient "reference" exists to support preemption.
>
> In determining whether a claim has a "connection with" an employee benefit plan, courts in this circuit use a relationship test. Specifically, the emphasis is on the genuine impact that the action has on a relationship governed by ERISA, such as the relationship between the plan and a participant.

*Id.* (citations omitted).

Plaintiff's state law claims are based on equitable, tort and contract principles and premised on Defendants' alleged representations rather than the plan itself. Accordingly, they do not depend on the existence or terms of the plan. Furthermore, the relationship

4

between a provider and a plan is not one of the relationships regulated by ERISA. *Paulsen v. CNF Inc.,* 559 F.3d 1061, 1082 (9th Cir. 2009). As alleged, Plaintiff's claims are not preempted by ERISA section 514(a).

### 2. Breach of Contract, Breach of Implied-in-Fact Contract, and Promissory Estoppel

In support of its express and implied breach of contract claims, Plaintiff alleges that, Defendants promised and entered into an agreement to compensate Plaintiff for CP's treatment at UCR rates. Plaintiff alleges that it has performed its part of the agreement, but Defendants failed to pay as promised. In support of its promissory estoppel claim, Plaintiff alleges that Defendants knew that CP's policy did not provide for UCR rates, but nevertheless knowingly or negligently represented to Plaintiff that they would pay at those rates while intending to induce reliance and knowing that Plaintiff was unaware the representations were false.

A claim for breach of contract requires (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). A claim for breach of an implied contract has the same elements as a claim for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct. *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (2008). "A cause of action for promissory estoppel is basically the same as contract actions, but only missing the consideration element." *Id*. Under this doctrine, a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement." *Youngman v. Nev. Irrigation Dist.*, 70 Cal.2d 240, 249 (1969). Under these circumstances, the purpose is to make a promise binding without consideration in the usual sense of something bargained for and given in exchange." *Id*.

1  To state any of these claims, Plaintiff must allege Defendants' promise either as a basis for an agreement or as an inducement for action in reliance.  Defendant disputes that Plaintiff sufficiently alleged an enforceable promise or agreement.

Northwest argues that a verification of benefits (VOB) call is not specific enough to allege the parties entered into an agreement. (Mot. at 7.)  Both sides rely on federal district court cases to argue whether a VOB call is sufficient to support a contract-based claim.  "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green*, 563 U.S. 692 n.7 (2011).

In addition, Defendant's reliance on *Pacific Bay Recovery, Inc. v. California Physicians' Services, Inc.*, 12 Cal.App.5th 200, 216 (2017), to argue that Plaintiff must allege with specificity facts such as, for example, that Defendants' representative on the VOB call had the requisite authority, or the total amount Defendant would pay Plaintiff, is unavailing. (*See* Mot. at 8.)  Specificity of pleading in federal court is governed by Rule 8(a)(2).[3]  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003); *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Plaintiff's allegations together with the exhibit attached to the complaint put Defendant on notice regarding the alleged agreement and its terms. (FAC ¶ 6 & Ex. A.)  Defendant admits that Plaintiff's exhibit, a form summarizing the VOB call, confirms the terms as of September 25, 2017, the date of the call. (*See* Mot. at 9.)  Plaintiff's allegations are sufficient to meet the notice pleading requirement under Rule 8(a)(2).

Northwest further argues that the VOB call does not show that Defendants agreed to pay for any services at all.  According to Northwest, Plaintiff alleged only that

---

[3]  Procedural matters in federal court are governed by federal law even with respect to state law causes of action.  *See Hanna v. Plumer*, 380 U.S. 460 (1965).

1  Defendants confirmed coverage and payment rate.  This argument is contrary to the
2  express allegations in the complaint.  (FAC ¶ 6 ("agreed to the terms"); *see also* Ex. A.)
3        Defendant also contends that UCR rates lack the certainty required to create an
4  enforceable obligation.  (Mot. at 9.)  UCR rates are "[T]he amount paid for a medical
5  service in a geographic area based on what providers in the area usually charge for the
6  same or similar service.  The UCR amount sometimes is used to determine the allowed
7  amount."  *See* https://www.healthcare.gov/glossary/ucr-usual-customary-and-reasonable
8  (last visited Sep. 12, 2022) (cited in Opp'n at 4).  This standard is sufficiently specific to
9  determine consideration for the alleged agreement between the parties.  *See* Cal. Civ.
10 Code § 1610.[4]
11       Finally, Northwest suggests that Plaintiff's exhibit contradicts the contract claims
12 by showing that the alleged agreement terminated on October 1, 2017, only five days
13 after the VOB call.  This interpretation is not necessarily supported by the exhibit.  The
14 exhibit, a form, states, "Termination Date: paid thru 10/1/2017."  (FAC Ex. A.)
15 Construing all factual allegations in Plaintiff's favor, as the Court must at this stage of
16 proceedings, the form lends itself to the interpretation that as of September 25, 2017, the
17 policy was paid through October 1, 2017, and could be extended by further payment.
18 Plaintiff's allegations support this interpretation.  (*See* FAC ¶¶ 6-7.)  Assuming,
19 arguendo, that Defendant's interpretation of the VOB form is correct, it nevertheless does
20 not negate Plaintiff's claim for the interim time period.
21       For the foregoing reasons, Northwest's motion is denied insofar as it challenges the
22 first cause of action for breach of contract, third cause of action for promissory estoppel,
23 and fifth cause of action for implied-in-fact contract.

---

[4] Section 1610 provides, "When a consideration is executory, it is not indispensable that the contract should specify its amount or the means of ascertaining it.  It may be left to the decision of a third person, or regulated by any specified standard."

3. <u>Fraud</u>

Northwest contends that the allegations of fraud do not meet the particularity requirement of Rule 9(b). Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess,* 317 F.3d at 1106. Therefore, a complaint must include "the who, what, when, where, and how of the misconduct charged." *Id.* In this regard, a plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (emphasis in orig.). Plaintiff's allegations, together with the exhibit, are specific enough to give Defendants notice of the particular alleged misconduct, identifying the date and time of the VOB call, participants in the call, representations made during the call, and alleging that the representations were knowingly false and made without intent to perform. To the extent Defendant argues that Plaintiff fails to allege with specificity that Defendants' representative knew his or her statements were false or misleading, the argument is rejected because "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). (*See* FAC ¶ 15.)

Northwest also argues that the fraud claim is barred by the economic loss rule and that Plaintiff cannot as a matter of law recover punitive damages. (*See* Mot. at 14-15.) A fraudulent inducement claim is based on the theory that the defendant made a promise without intent to perform, as opposed to a failure to perform a promise made in good faith. *Bldg. Permit Consultants, Inc. v. Mazur*, 122 Cal. App. 4th 1400, 1415 (2004). Plaintiff alleges that Defendants made a promise they knew was false and which they had no intent to perform. (FAC ¶ 15.) Fraudulent inducement claims such as this are not barred by the economic loss rule. *See Lazar v. Super. Ct. (Rykoff-Sexton, Inc.)*, 12 Cal. 4th 631, 645 (1996) ("[W]here a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for the fraud.") Defendant

concedes that a properly pled fraudulent inducement claim is an exception to the economic loss rule. (Mot. at 15.)

For the foregoing reasons, Defendant's motion to dismiss the second cause of action for fraud is denied.

### 4. Unfair Competition

Northwest argues that Plaintiff's claim alleging violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), should be dismissed because Plaintiff is neither a consumer nor Defendants' competitor. Defendant cites *Linear Tech. Corp. v. Applied Materials, Inc.,* 152 Cal. App. 4th 115, 135 (2007), for the proposition that only a consumer or competitor can state a UCL claim based on fraudulent or unfair business practices.

The UCL prohibits unlawful, unfair, and fraudulent business practices. Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). A business practice need fall under only one of the three categories to be actionable under the UCL. *McKell v. Wash. Mut. Inc.*, 142 Cal. App. 4th 1457, 1471 (2006). Plaintiff's claim is asserted under each of the three categories. (FAC ¶ 30; *see also id.* ¶¶ 25-29.) *Linear Technologies* did not address claims alleging unlawful practices. Defendant cites no authority and does not argue that only consumers and competitors can state a claim based on unlawful practices.

Plaintiff alleges that Defendants' conduct was unlawful in violation of California Health and Safety Code § 1371.8 (FAC ¶ 25), which provides in pertinent part,

> A health care service plan that authorizes a specific type of treatment by a provider shall not rescind or modify this authorization after the provider renders the health care service in good faith and pursuant to the authorization for any reason ... .

Northwest argues that Plaintiff's unlawfulness theory fails for the same reason as its contract-based claims. As discussed above, Plaintiff has sufficiently alleged its contract-based claims.

Defendant further contends that the UCL claim should be dismissed because Plaintiff does not seek the right remedy. Because a UCL claim is equitable in nature, private plaintiffs are generally limited to injunctive relief and restitution. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). Among other remedies, Plaintiff expressly seeks injunctive relief. (FAC at 5.) Accordingly, Defendant's argument is rejected.

5. Attorney's Fees

Finally, Defendant moves to strike Plaintiff's request for attorney's fees. (FAC at 5.) Plaintiff does not specify the basis for its request for attorney's fees in the complaint and explains it may move for attorneys' fees at the conclusion of the case as permitted by California private attorney general statute, Cal. Code Civ. Proc. § 1021.5. (Opp'n at 15.) The issue of attorney's fees is not ripe for decision at this time. Defendant's motion to strike the request for attorney's fees is denied.

**III. Conclusion**

For the reasons stated above, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: September 13, 2022

_____
Hon. M. James Lorenz
United States District Judge